ERIC H. HOLDER, JR.
Attorney General
STEWART F. DELERY
Assistant Attorney General
Civil Division
MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director
Consumer Protection Branch
ANDREW CLARK
Assistant Director
ANN ENTWISTLE
Trial Attorney
United States Department of Justice
P. O. Box 386
Washington, D.C. 20044
(202) 305-3630

LAURA E. DUFFY
United States Attorney
DOUGLAS KEEHN
Assistant United States Attorney
Cal. State Bar No. 233686
Southern District of California
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-7573

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INSTANT CHECKMATE, INC.,<br><br>　　　　Defendant. | Case No.:  '14CV0675 H    JMA<br><br>**COMPLAINT** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

1. Plaintiff brings this action under Section 5(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 56(a), and Section

1

621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a), to obtain monetary civil penalties, and injunctive or other relief from Defendant for engaging in violations of the FTC Act, 15 U.S.C. § 45(a), and the FCRA, 15 U.S.C. §§ 1681 - 1681x.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 53(b), 56(a), and 1681s.

3. Venue in the United States District Court for the Southern District of California is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391(b) - (d) and 1395(a).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The Commission is an independent agency of the United States government given statutory authority and responsibility by, inter alia, the FTC Act, as amended, 15 U.S.C. §§ 41-58, and the FCRA, 15 U.S.C. §§ 1681 - 1681x. The Commission is charged, inter alia, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce, and the FCRA, which imposes duties upon consumer reporting agencies.

## DEFENDANT

5. Defendant Instant Checkmate, Inc. ("Instant Checkmate") is a Delaware company doing business in Southern California. Instant Checkmate has its principal place of business at 4110 Mission Boulevard, Suite 200, San Diego, CA 92109. Instant Checkmate transacts or has transacted business in this district and throughout the United States.

## THE FAIR CREDIT REPORTING ACT ("FCRA")

6. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the

FCRA in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

7. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

### **DEFENDANT'S BUSINESS PRACTICES**

8. Since August 2010, Instant Checkmate has offered an online service allowing consumers to request background reports about any individual. In response to consumer requests, Instant Checkmate obtains public information from third party data providers and assembles it into detailed reports that it provides to the consumer. Such reports may contain up to fifteen information items relating to a particular individual, including: current and previous addresses; arrest and conviction records; marriage or divorce records; birth certificate records; and government-issued licenses (such as pilot licenses). Consumers may pay for each report separately or may purchase a subscription that grants unlimited searching for the duration of the subscription.

9. In its marketing and advertising, Instant Checkmate has promoted the use of its reports as a factor in establishing a person's eligibility for employment or housing. For example:

   a. The company's website (www.instantcheckmate.com) has included the following statements:

   - 5 GOOD REASONS to get instant criminal checks on anyone right now . . . (2) Check out tenants before they rent.

   - Who should I perform a search on?
     Our lead background check analyst recommends you perform searches on the following people: . . .

3

    o  Babysitter/Daycare Worker . . .

    o  Gardener/Housecleaner . . .

  b. A blog maintained by the company, and included on the Instant Checkmate website, has featured posts in which the following statements were made:

- "Most of the time background checks are requested by an employer to get as much information on a potential job candidate."

- "Some employers seek out background checkers concerning prospective employees. They are especially useful when employers are seeking candidates that require high security or a position of trust."

  c. The company, through its Google Ad Words ad campaign, ran advertisements that would appear in search results when users sought background checks on "nannies," "babysitters," "maids," and "housekeepers."

  d. At least four banner advertisements distributed through the company's affiliate advertising networks included the following statement:

- RUN A BACKGROUND CHECK ON ANYONE ONLINE IN SECONDS
  5 GOOD REASONS:
   . . . Check Out Tenants Before They Rent . . .

## **DEFENDANT'S VIOLATIONS OF THE FCRA**

10. The reports Instant Checkmate has provided to third parties are "consumer reports" as defined in Section 603(d) of the FCRA, 15 U.S.C. § 1681a(d):

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B)

4

employment purposes; or (C) any other purpose authorized under Section 604.

Section 604 states that consumer reporting agencies may furnish consumer reports to, among others, a person with "a legitimate business need for the information in connection with a business transaction that is initiated by the consumer." 604(a)(3)(F)(i).

11. The reports Instant Checkmate has furnished are "consumer reports" because they bear on a consumer's character, general reputation, personal characteristics, or mode of living and/or other attributes listed in Section 603(d), and were "used or expected to be used . . . in whole or in part" as a factor in determining the consumer's eligibility for employment. Instant Checkmate also expected the reports to be used by landlords to evaluate prospective tenants' applications for apartments, which qualifies under 604(a)(3)(F)(i) as a "legitimate business need . . . in connection with a business transaction that is initiated by the consumer." Instant Checkmate expected its reports to be used for FCRA purposes because it promoted its background screening product for use in employment and tenant screening.

12. In providing "consumer reports" Instant Checkmate has been a "consumer reporting agency" ("CRA") as that term is defined in Section 603(f) of the FCRA, 15 U.S.C. § 1681a(f). That section defines a CRA as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. Instant Checkmate has been a CRA because it has regularly assembled "information on consumers" into consumer reports that it has provided to third parties through interstate commerce.

5

13. Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a), requires CRAs to "maintain reasonable procedures . . . to limit the furnishing of consumer reports to the purposes listed under Section 604." These procedures require that CRAs, prior to furnishing users with consumer reports, require users to "identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." It also requires CRAs to "make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report."

14. While acting as a CRA, Instant Checkmate failed to maintain any procedures required by Section 607(a).

15. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires all CRAs to follow reasonable procedures to assure maximum possible accuracy of consumer report information.

16. While acting as a CRA, Instant Checkmate failed to follow any reasonable procedures to assure maximum possible accuracy of the information in reports that it prepared.

17. Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), requires CRAs to provide a "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA" ("User Notice") to any person to whom a consumer report is provided by the CRA. As required by Section 607(d), the Commission has prescribed the content of the User Notice through a model notice that is set forth in 16 C.F.R. 689, Appendix H. The User Notice provides users of consumer reports with important information regarding their obligations under the FCRA, including the obligation of the user to provide a notice to consumers who are the subject of an adverse action based in whole or in part on information contained in the consumer report.

18. While acting as a CRA, Instant Checkmate failed to provide the Section 607(d) User Notice to its clients who purchase consumer reports.

19. Section 604 of the FCRA, 15 U.S.C. § 1681b, prohibits CRAs from furnishing consumer reports to persons who the CRA does not have reason to believe have a "permissible purpose" to obtain them.

20. Instant Checkmate has regularly furnished consumer reports to persons that it did not have reason to believe had permissible purposes to obtain them. Moreover, Instant Checkmate has lacked procedures for ascertaining the permissible purpose for which users obtain reports.

21. Instant Checkmate included disclaimers on its website stating that it is not a CRA for purposes of the FCRA and that consumers may not use the company's background reports for FCRA-covered purposes. Despite such disclaimers, Instant Checkmate has operated as a CRA because it promoted its consumer reports to users for use in determining eligibility for employment and housing and, thus, expected that those reports would be used in whole or in part for those purposes.

## COUNT 1

### VIOLATIONS OF SECTION 607(A) OF THE FCRA

22. Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a), requires that every CRA maintain reasonable procedures to limit the furnishing of consumer reports to those with permissible purposes set forth in Section 604. These procedures require that CRAs, prior to furnishing a user with a consumer report, require the prospective users of the information identify themselves, certify the purpose for which the information is sought, and certify that the information will be used for no other purpose. The CRA must make a reasonable effort to verify the identity of each prospective user and the uses certified by each prospective user prior to furnishing such user with a consumer report.

23. Defendant has failed to maintain reasonable procedures required by

7

Section 607(a). For example, it has failed to require that prospective users identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. It has also failed to make reasonable efforts to verify the identity of each prospective user and the uses certified by each prospective user prior to furnishing such user with a consumer report.

24. By and through the acts and practices described in Paragraph 23, Defendant has violated Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a).

25. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 23 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 2

### VIOLATIONS OF SECTION 607(B) OF THE FCRA

26. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires CRAs to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

27. Defendant has failed to use reasonable procedures to assure maximum possible accuracy of consumer report information.

28. By and through the acts and practices described in Paragraph 27, Defendant has violated Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b).

29. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 27 also constitute unfair or deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 3

### VIOLATIONS OF SECTION 607(D) OF THE FCRA

30. Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d) requires that a CRA provide a notice to users of information that states users' responsibilities under the FCRA.

31. Defendant has failed to provide a notice to users of information that states their respective responsibilities under the FCRA.

32. By and through the acts and practices described in Paragraph 31, Defendant has violated Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d).

33. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 4

## VIOLATIONS OF SECTION 604 OF THE FCRA

34. Section 604 of the FCRA, 15 U.S.C. § 1681b prohibits a CRA from furnishing consumer reports to persons that it did not have reason to believe had a permissible purpose to obtain a consumer report.

35. Defendant has furnished consumer reports to persons that it did not have reason to believe had permissible purposes to obtain such reports. Indeed, Instant Checkmate has regularly provided consumer reports without knowing users' purposes for obtaining the reports and without employing procedures for requesting users' purposes for obtaining the reports.

36. By and through the acts and practices described in Paragraph 35, Defendant has violated Section 604 of the FCRA, 15 U.S.C. § 1681b.

37. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 35 also constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THIS COURT'S POWER TO GRANT RELIEF

38. Section 621(a)(2) of the FCRA, 15 U.S.C. § 1681s(a)(2), authorizes the Court to award monetary civil penalties in the event of a knowing violation of the FCRA, which constitutes a pattern or practice. Instant Checkmate's violations of the FCRA, as alleged

in this Complaint, have been knowing and have constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvements Act of 1996, Pub. L. 104-134, § 31001(s)(1), 110 Stat. 1321-373, the Court is authorized to award a penalty of not more than $3,500 per violation.

39. Each instance in which Instant Checkmate has failed to comply with the FCRA constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under Section 621(a)(2) of the FCRA, 15 U.S.C. § 1681s(a)(2). Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

40. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), and Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction prohibiting Defendant from violating the FTC Act and the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 1681s, and pursuant to the Court's own equitable powers:

(1) Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this Complaint;

(2) Enter a permanent injunction to prevent future violations of the FCRA and the FTC Act by Defendant;

(3) Award Plaintiff monetary civil penalties from Defendant for each violation of the FCRA alleged in this Complaint; and

(4) Award Plaintiff such additional relief as the Court may determine to be just and proper. The parties, by their counsel, hereby consent to the terms and conditions of the Consent Order for civil penalties, permanent injunction, and other equitable relief as set forth above and consent to the entry thereof.

DATED: March 24, 2014

| OF COUNSEL: | FOR PLAINTIFF THE UNITED STATES OF AMERICA: |
|---|---|
| MANEESHA MITHAL<br>Associate Director<br>Division of Privacy and Identity Protection | ERIC H. HOLDER, JR.<br>Attorney General<br><br>STUART F. DELERY<br>Assistant Attorney General<br>Civil Division |
| ROBERT SCHOSHINSKI<br>Assistant Director<br>Division of Privacy and Identity Protection | MICHAEL S. BLUME<br>Director<br>Consumer Protection Branch |
| JESSICA LYON<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>(202) 326-2344 (voice)<br>(202) 326-3062 (fax) | ANDREW CLARK<br>Assistant Director<br><br>/s/ *Ann Entwistle*<br>ANN ENTWISTLE<br>Trial Attorney<br>United States Department of Justice<br>Ann.F.Entwistle@usdoj.gov |
| MELINDA CLAYBAUGH<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>(202) 326-2203 (voice)<br>(202) 326-3062 (fax) | LAURA E. DUFFY<br>United States Attorney<br>Southern District of California<br><br>/s/ *Douglas Keehn*<br>DOUGLAS KEEHN<br>Assistant United States Attorney<br>Douglas.Keehn@usdoj.gov |