# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INSTANT CHECKMATE, INC.,<br><br>　　　　Defendant. | Case No.: 14cv0675-H(JMA)<br><br>**CONSENT ORDER** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its complaint for civil penalties, permanent injunction, and other equitable relief in this matter, alleging that Defendant, Instant Checkmate Inc. has ("Instant Checkmate") has engaged in violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 - 1681x, and in unfair or deceptive acts or practices in violation of Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). Defendant has waived service of the summons and the Complaint. Plaintiff and Defendant, through counsel, stipulate to the entry of this Consent Order for civil penalties, permanent injunction, and other relief ("Order") to resolve all matters in dispute in this action between them.

//
//
//

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive or unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and in violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681 - 1681x.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits to the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney's fees.

5. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order:

A.  "Clear and Prominent" shall mean:

   1. in textual communications (e.g., printed publications or words displayed on the screen of a computer), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and comprehend them, in print that contrasts with the background on which they appear;

   2. in communications disseminated orally or through audible means (e.g., radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

   3. in communications disseminated through video means (e.g., television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (1) of this definition and shall appear on the screen for a duration sufficient

for an ordinary consumer to read and comprehend them, and in the same language as the predominant language that is used in the communication;

    4.    in communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (1) of this definition, in addition to any audio or video presentation of them; and

    5.    in all instances, the required disclosures are presented in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

B.    "Consumer Report" shall mean any written, oral, or other communication of any information by a Consumer Reporting Agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:

    1.    credit or insurance to be used primarily for personal, family, or household purposes;

    2.    employment purposes; or

    3.    any other Permissible Purpose.

C.    "Consumer Reporting Agency" shall mean any Person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports.

D.    "Defendant" means Instant Checkmate Inc. and its successors and assigns;

//

//

E.   "Permissible Purpose" shall mean the circumstances under which a Consumer Reporting Agency may furnish a Consumer Report, as set forth in Section 604 of the FCRA, 15 U.S.C. § 1681b, attached hereto as Attachment A to this Order.

F.   "Person" shall mean any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

## ORDER

I.   PROHIBITED BUSINESS ACTIVITIES

**IT IS ORDERED** that Defendant, Defendant's officers, agents, servants, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with operating as a Consumer Reporting Agency, are hereby permanently restrained and enjoined from:

A.   furnishing a Consumer Report to any Person who Defendant does not have reason to believe has a Permissible Purpose to receive the Consumer Report;

B.   failing to maintain reasonable procedures designed to limit the furnishing of Consumer Reports to Persons that have Permissible Purposes to receive them.  Such reasonable procedures shall require that:  prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose; and that Defendant make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a Consumer Report;

C.   failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a Consumer Report relates; and

D.   failing to provide a notice identical or substantially similar to the one attached as Attachment B to this Order, to any person to whom a Consumer Report is provided by Defendant, provided that Defendant may provide an electronic copy of the

notice to a user if: (a) in the ordinary course of business, the user obtains Consumer Report information from Defendant in electronic form, and (b) the notice is Clear and Prominent.

II.     MONETARY JUDGMENT FOR CIVIL PENALTY

**IT IS FURTHERED ORDERED** that:

A.     Judgment in the amount of Five Hundred Twenty-Five Thousand Dollars ($525,000) is hereby entered in favor of Plaintiff and against Defendant as a civil penalty for violations of the FCRA pursuant to Section 621(a) of the FCRA, 15 U.S.C. 1681s(a).

B.     Defendant is ordered to pay Plaintiff, by making payment to the Treasurer of the United States, Five Hundred Twenty-Five Thousand Dollars ($525,000), which, as Defendant stipulates, its undersigned counsel holds for no purpose other than payment to Plaintiff. Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

III.     ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.     Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts as alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

C.     Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

//

//

### IV. ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgements of receipt of this Order:

A. Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For three (3) years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." Delivery must occur within seven (7) days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities. This deadline may be modified on motion to the Court for good cause shown.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgement of receipt of this Order.

### V. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and internet addresses; (c) describe the activities of each business, including the goods and services offered, and the means of advertising, marketing and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this

Order; and (e) provide a copy of each Order Acknowledgement obtained pursuant to this Order, unless previously submitted to the Commission.

      2.    For three (3) years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.  This deadline may be modified on motion to the Court for good cause shown.

      3.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

      4.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

      5.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580.  The subject line must begin: U.S. v. Instant Checkmate, File No. 1223221.

//
//
//

7

14cv0675-H(JMA)

VI. <u>RECORDKEEPING</u>

**IT IS FURTHER ORDERED** that Defendant must create and maintain certain records for three (3) years after entry of the Order. Specifically, Defendant must maintain the following records:

A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing each employee's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. All employee training materials;

D. Documents sufficient to demonstrate compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by the Section titled "Compliance Reporting";

E. Complaints and refund requests, whether received directly or indirectly, and any responses;

F. A copy of each unique advertisement or other marketing material;

G. Documents sufficient to demonstrate Defendant's compliance with Section 604 of the FCRA;

H. Documents sufficient to demonstrate Defendant's compliance with Section 607(a) of the FCRA, including but not limited to:

   1. the name, address, and telephone number of each Consumer Report user;

   2. each user's certification of the purposes for which the Consumer Report information is sought; and

   3. documents sufficient to demonstrate Defendant's efforts to verify the identity of each user and the uses certified by such user; and

//
//

I.  Documents sufficient to demonstrate Defendant's compliance with Section 607(d) of the FCRA, including but not limited to:

  1.  a copy of each notice provided by Defendant to those who regularly furnish information to Defendant with respect to any consumer;

  2.  a copy of each notice provided by Defendant to those to whom a Consumer Report is provided by Defendant; and

  3.  the name, address, and telephone number of each person to whom Defendant provided a notice described in Subsection I(1) and I(2).

J.  This deadline may be modified on motion to the Court for good cause shown.

VII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Fed. R. Civ. P. 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.  The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the

necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.  The Court directs the Clerk to close this case.  The Court will re-open the case upon motion of a party for good cause within three years of this order.

### IX. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

### X. DEADLINES

The deadlines set in this Order will only be modified on motion to the Court for good cause shown.

**IT IS SO ORDERED.**

Dated: March 28, 2014

_____
HON. MARILYN L. HUFF
United States District Judge